

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN MELISSA BYAM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THEODORE SWAN, et al. | : | NO. 14-3977 |

MEMORANDUM

**ROBRENO, J.** JULY 15, 2014

    Plaintiff Maureen Melissa Byam brought this action based on criminal proceedings that were brought against her in the Montgomery County Court of Common Pleas. In a July 3, 2014 order, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed her complaint for failure to state a claim because it appeared she was seeking to bring constitutional claims against her defense attorneys pursuant to 42 U.S.C. § 1983, even though the complaint did not provide a plausible basis for concluding that those attorneys were state actors. Nor was there any basis for diversity jurisdiction over any state law claims. The Court gave plaintiff leave to file an amended complaint, which she did.

    In her amended complaint, plaintiff names the same three attorneys as defendants. She appears to be alleging that she was denied her constitutional rights in connection with a hearing and her trial in state court. *See* CP-46-CR-0000080-2010. The publicly available docket of that proceeding reveals that plaintiff was found guilty of certain charges and sentenced to a term of imprisonment. Her attempts at post-conviction relief were unsuccessful.

    As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319,

325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint and matters of public records. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff has not cured the deficiencies in her original complaint because nothing in the amended complaint establishes how the defendants are state actors for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). In fact, the amended complaint fails to allege anything at all concerning how the named defendants violated plaintiff's rights. In any event, plaintiff's claims are legally frivolous for other reasons. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). Here, success on plaintiff's claims—all of which challenge the validity of the criminal proceeding in state court—would necessarily imply the invalidity of

her convictions, which have not been invalidated. Additionally, to the extent she is seeking the initiation of criminal charges, her claims fail because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

ENTERED
JUL 16 2014
CLERK OF COURT

7/16/14 mail.
Byam